HITCHINS & a. v. PETTINGILL & a.

When, in a deed, a part of the land bargained and paid for is omitted, by the fraud of the grantor, he may be compelled to convey it to the grantee, although the grantee, by the exercise of ordinary care, would have discovered the error when the deed was made.

BILL IN EQUITY, for the reformation of a deed. The court found that the plaintiffs bought a farm of the defendants, and paid for it ; that a part of the farm containing ten acres, included in the bargain and paid for, was, by the fraud of the defendants, not included in the deed ; and that the plaintiffs, by the exercise of ordinary care, would have discovered the fraud when the deed was made. The question, whether the plaintiffs are entitled to relief, was transferred by the circuit court.

*Wiggin*, for the plaintiffs.

*Bartlett*, for the defendants.

SAWYER, J. If the ten acres had been omitted in the deed by a mutual mistake, the plaintiffs would have been entitled to relief, notwithstanding their failure to exercise ordinary care in examining the deed and ascertaining whether the contract was accurately put in writing. The rule *caveat emptor* applies to the making of the contract of purchase, the negotiations, the agreement, the inducements upon which the purchaser acts, the grounds on which the minds of the parties meet, but not to the formal, clerical process of giving the purchaser written evidence of the completed bargain. *Monroe* v. *Skelton*, 36 Ind. 302.

On the facts stated, the plaintiffs are entitled to a decree requiring the defendants to give them a deed of the ten acres.